McKinney, J.
delivered the opinion of the court.
We feel no hesitation in declaring, that the complainant in this case, is entitled to the relief sought by her bill. *452 and that the decree of the Chancellor, ought, therefore, to be affirmed. We deem it needless, however, to examine, or comment upon the proof in the record, for the purpose of maintaining the correctness of this conclusion: because, this has been done already, to our entire satisfaction, in the well considered, and unanswerable written argument of Mr. Nicholson, to which we refer, as containing the proper exposition of the facts and merits of this cause.
But, it is argued, that the Chancellor erred in permitting an amendment on the hearing of the cause, and, after the argument had been concluded, by allowing a prayer for a divorce a vinculo matrimonii, to be added. The original prayer of the bill, being only for a divorce a mensa et thoro: and, also, in allowing the complainant to make the affidavit to her bill, required by the act of 1835, ch. 26, sec. 4; the original affidavit having been made by the next friend.
In this particular case, we think the allowance of the foregoing amendments, constitute no error.
In a court of chancery, generally speaking, amendments are allowed with great liberality, more especially as to mere matters of form. But, in divorce cases, by our local legislation, the observance of forms, is, in a great degree, dispensed with, and, in this respect, such cases stand upon grounds peculiar to themselves, and do not fall within the ordinary rules governing chancery proceedings.
By the act of 1835, ch. 26, a general prayer for divorce, is sufficient to authorize the court to grant such divorce as, by law, may be warranted upon the matters alledged and proved. And, by the act of 1842, ch. 133, sec. 1, it is provided, “ that in all cases, where by the laws now in force, a person is authorized to obtain a divorce from *453 bed and board, the court shall hereafter be authorized to grant a divorce from the bonds of matrimony.”
Under these acts, it would not be a sufficient ground for reversal, however informal the proceeding, that upon a specific prayer for a divorce a mensa et thoro, a decree for a divorce a vinculo matrimonii, had been pronounced.
But upon another ground the defendant cannot be heard to assign the amendment as error, in this court. ' So far as the objection to the affidavit is concerned, the exception was not taken at the proper time, nor in the proper form; not having been taken until the hearing, so far as the defendant is concerned, it was waived: and if regarded as matter of jurisdiction, or, as absolutely essential to warrant a decree for complainant, the Chancellor, at his own suggestion, might direct it to be done, at any time before final decree.
As to the additional prayer, this did not, and could not, under the act of 1842, before cited, vary the nature of the case, or prejudice the defendant. Prima facie, at least, no further answer or proof, was made necessary thereby: If otherwise, this should have been shown by the defendant, in which event, upon a proper case being made out, he-would have been entitled, and no doubt would have been allowed, an opportunity to answer and adduce his proof. But, in this case, no such suggestion was made to the Chancellor, and, therefore, cannot be made here.
Let the decree be affirmed with costs.
Decree. — This cause was heard on the 25th of January, 1849, before the judges of the Supreme Court, upon the record and proceedings had in the same in the Chancery Court at Columbia, and upon argument of counsel on *454 both sides, and this court being of opinion that there is no error in the decree below, orders the same to be in all things affirmed. And the court being satisfied that the defendant has been guilty of acts of inhuman cruelty ' and neglect towards complainant, which makes it unsafe and improper for her longer to cohabit with him, or to be under his dominion and control; it is therefore ordered, adjudged and decreed, that the bonds of matrimony existing between them be dissolved, annulled, and for nought held, and that complainant be restored to all the rights of a feme sole. And it further appearing that, at the time of the marriage the complainant was the owner of a valuable real and personal property, which passed into defendant’s possession upon the marriage, and the court being of opinion that her said real estate, and so much of her personal, and its increase, as remains in specie, ought to be restored to her as a suitable and reasonable provision for her; it is therefore ordered, adjudged and decreed that all the right, title and interest of defendant in and to any and all of said real and personal property, be divested out of defendant and vested in Barclay Martin and David D. McFall, to be by them or the survivor of them, held for the sole and separate use of complainant, with full power by her to dispose of the same as she may think proper, and that the sheriff of Maury be directed forthwith to put her in possession of all of said property ascertained to remain in specie by the decree pronounced in this cause by the Chancellor at Columbia; and also to put her in possession of the real estate. It is further ordered that defendant pay the costs of the chancery court and of this court, and that execution issue for the same against him and his securities in the appeal.